UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BRANDEN HINGLE                                    CIV. ACTION NO. 3:25-01898 SEC P

VERSUS                                            JUDGE TERRY A. DOUGHTY

ROBERT RUSTING, ET AL.                            MAG. JUDGE KAYLA D. MCCLUSKY

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court are two motions:  a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [doc. #14] filed by Defendants Tensas Parish Sheriff Robert Rushing (improperly named "Rusting"), Warden Nolen Bass, and Assistant Warden Antonio Johnson, and a motion for summary judgment [doc. # 16] filed by Plaintiff Branden Hingle.  For the reasons assigned below, IT IS RECOMMENDED that the motion to dismiss and the motion for summary judgment be DENIED.  Instead, IT IS RECOMMENDED that Plaintiff's claims for compensatory damages under federal law be DISMISSED WITH PREJUDICE, and that his claims for injunctive and/or declaratory relief be DISMISSED WITHOUT PREJUDICE.

<u>Background</u>

On December 1, 2025, Plaintiff Branden Hingle ("Hingle"), proceeding *pro se,* filed the instant, *in forma pauperis* Complaint to vindicate his civil rights under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights. (Compl. [doc. # 1]).   Hingle, who, during the relevant period, was an inmate at the Tensas Parish Detention Center ("TPDC"), Waterproof, Louisiana, alleged that he was "forced to live with no entitlements of hygiene that's mandatory daily routine needs inability my health no functioning lavatory all must work together for

entitlement but very serious sanitation hazard no-gloves no-cleaning supplies over and over pass discomfort and inconveniences tensas is a very filthy living in uncivilized Standards." *Id*., pg. 3 (recited as written).

Hingle named three Defendants:  Tensas Parish Sheriff Robert Rushing ("Rushing" or "Sheriff Rushing"), Warden Nolen Bass ("Bass" or "Warden Bass"), and Assistant Warden Antonio Johnson ("Johnson" or "Assistant Warden Johnson") (collectively, "Defendants").  His requested relief included repairs to the toilets, sinks, "ventilations," and bunks.  (Compl., Relief).  He also asked for removal of the "plates" from the walls and windows.  *Id*.  Finally, he requested an award of $12 million for his pain and suffering.  *Id*.

On February 3, 2026, the Court required Hingle to complete summonses and USM-285 forms for the Clerk of Court to provide to the U.S. Marshals Service for service on Defendants.  (Service Order [doc. # 10]).  The U.S. Marshal served Defendants on February 26, 2026.  *See* Returns of Service [doc. # 13].

Meanwhile, on February 4, 2026, Hingle notified the Court that he had been released from custody.  *See* Change of Address Letter [doc. # 11].

On March 19, 2026, Defendants filed the instant Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  In their motion, Defendants petitioned the Court to dismiss Hingle's Complaint because he failed to allege any specific facts against any of them individually.  Hingle did not file a response to the motion, and the time to do so has passed.  *See* Notice of Motion Setting [doc. # 15].  Accordingly, the motion is deemed unopposed.  *Id*.

Instead, on April 16, 2026, Hingle filed the instant motion for summary judgment.  In his motion, Hingle cited legal authority to show that his exposure to human waste violated his

Eighth Amendment right against cruel and unusual punishment. (Pl. MSJ) (citing *Robertson v. Bass*, No. 24-30395, 2025 WL 416994, at *4 (5th Cir. Feb. 6, 2025)).

On April 13, 2026, Defendants filed an opposition to Hingle's motion for summary judgment, together with supporting evidence consisting of a declaration signed by Warden Bass and photos of two water tanks. (Defs. Opp. Brief & Exhs. [doc. # 18]). In his declaration, Warden Bass discussed issues with the public water system, which is not owned, controlled, operated, or maintained by Sheriff Rushing or any TPDC staff. (Warden Bass Decl.; Defs. Opp. Brief, Exh. A [doc. # 18-1]). He explained that, because the TPDC is in Tensas Parish, the entire facility loses running water whenever the parish does. *Id.* The TPDC stockpiles bottled water for inmate use. *Id.* The facility also maintains two large water tanks to mitigate the effects of the outages. *Id.* During an extended water outage, the tanks and troughs are used to fill buckets of water, which, in turn, are used to fill the toilet reservoirs and flush the facility's toilets every few hours, or as needed. *Id.* Bass denied ever instructing inmates to defecate in a plastic bag and denied knowledge of bags of human waste stored in the showers or the burning of human waste. *Id.*

Hingle did not file a reply in support of his motion for summary judgment, and the time to do so has passed. *See* Notice of Motion Setting. [doc. # 17]. Accordingly, the matter is ripe.

## **Law & Analysis**

The undersigned granted Hingle leave to proceed in forma pauperis in this matter. (Jan. 13, 2026 Mem. Order [doc. # 9]). Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The statute applies to prisoner and non-prisoner cases. *See Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").

In reviewing Hingle's Complaint, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff[ ]." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). Further, a pro se litigant's pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, the Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Moreover, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Hingle seeks to recover two types of remedies: compensatory damages and injunctive relief. Upon review, however, neither form of relief is available. First, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making

4

compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Plainly stated, the PLRA "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir. 2008). Moreover, "[t]he 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Hingle commenced this action while he was incarcerated. (Compl. [doc. # 1]). He seeks $12 million for pain and suffering as a result of his exposure to unsanitary living conditions. However, he does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Therefore, he may not recover compensation for his alleged mental or emotional injuries. 42 U.S.C. § 1997e(e). He also does not allege that he suffered any other injuries or damages that are compensable by monetary relief. Accordingly, his claim for compensatory damages fails to state a cognizable claim for relief and is subject to dismissal on that basis. *See Sallier v. Bass*, Civ. Action No. 24-0687, 2024 WL 4700666, at *3 (W.D. La. Oct. 16, 2024), *R&R adopted,* 2024 WL 4696051 (W.D. La. Nov. 6, 2024) (dismissing compensatory damages claim stemming from exposure to unsanitary conditions at the TPDC); *Joseph v. Spinner*, Civ. Action No. 10-1476, 2011 WL 310880, at *3 (W.D. La. Jan. 19, 2011), *R&R adopted,* 2011 WL 310875 (W.D. La. Jan. 28, 2011) (dismissing complaint with prejudice for lack of physical injury pursuant to §§ 1915(e)(2)(B)(i) and 1997e(e)); *Jones v. Lumpkin*, Civ. Action No. 21-3638, 2023 WL 4275476, at *5 (S.D. Tex. June 29, 2023) (dismissing claims for compensatory damages with prejudice).

Second, according to Hingle, he no longer is incarcerated at the TPDC and, instead, resides in Marrero, Louisiana. (Notice of Address Change [doc. # 11]). It is manifest that the transfer or release of a prisoner from an institution will render his claims for injunctive and/or declaratory relief moot, unless there is a "demonstrated probability" or "reasonable expectation" that he could be returned to the same institution. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (transfer to another institution rendered plaintiff's claims for declaratory and injunctive relief moot).

Here, however, any possibility that Hingle might be taken back into custody and re-housed at the TPDC is too remote and speculative to support relief. *Herman*, 238 F.3d at 665. Therefore, Hingle's claims for injunctive and/or declaratory relief are moot, and subject to dismissal, without prejudice, for lack of subject matter jurisdiction. *Salcido v. Wilson*, No. 21-11029, 2022 WL 1564188, at *1 (5th Cir. 2022) (unpubl.).

Having determined that Hingle has no viable remedy for his asserted claims, the Court does not reach the merits of the pending motions.[1]

### **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the instant motion to dismiss and the motion for summary judgment be DENIED. Instead, IT IS RECOMMENDED that Plaintiff's claims for compensatory damages under federal law be DISMISSED WITH

---

[1] The undersigned notes that there are a number of cases against TPDC, its employees, and/or officials based on the sanitation conditions at the facility. Each case must be considered separately on the basis of the facts alleged by the individual plaintiff. *Cf. Dartez v. Bass*, No. 25-CV-735 SEC P, 2026 WL 707837, at *3 (W.D. La. Feb. 19, 2026), report and recommendation adopted, No. 3:25-CV-00735, 2026 WL 703938 (W.D. La. Mar. 12, 2026) (Defendants' motion to dismiss granted, and the claims against Warden Bass, Assistant Warden Johnson, Captain Smith, and Sheriff Rushing (improperly named "Rusting") dismissed with prejudice on the basis that the plaintiff failed to allege personal involvement of any defendant).

PREJUDICE, and that his claims for injunctive and/or declaratory relief be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b).  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION SET FORTH ABOVE, WITHIN 14 DAYS AFTER BEING SERVED WITH A COPY, SHALL BAR THAT PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**  *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 9th day of June, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE